## Loretta T. Dunne, Defendant in Error, v. Patrick Boland, Plaintiff in Error.

### Gen. No. 21,316.

1. AUTOMOBILES AND GARAGES, § 3*—*when evidence insufficient to refute proof of negligence.* In an action against one letting an automobile for injuries to plaintiff, a passenger therein, by the overturning of the automobile, where plaintiff introduces evidence tending to show that the accident was due to the chauffeur's negligence, such evidence is not refuted by evidence that after the accident a defect was found in the steering gear which was not discoverable by the exercise of reasonable care in the inspection of the car before its use, where there is nothing to show that such defect did not result from the accident and the chauffeur was not called to prove that he had difficulty in steering the car.

2. AUTOMOBILES AND GARAGES, § 2*—*when one letting car liable for chauffeur's negligence.* One letting an automobile and furnishing a chauffeur for it is a private carrier for hire and liable for the negligence of the chauffeur.

3. AUTOMOBILES AND GARAGES, § 2*—*when one letting car liable to guests of hirer.* One who lets an automobile and furnishes a chauffeur for the purpose of conveying the hirer and his guests enters into a contract of hire for the benefit of the guests as well as the hirer, and owes the same duty to each, without regard to the fact that he does not know the names or number of the guests.

4. AUTOMOBILES AND GARAGES, § 3*—*when evidence sufficient to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*support verdict.* In an action against the owner of an automobile for injuries to one riding as a guest of the hirer, evidence examined and *held* to support a verdict for plaintiff.

5. APPEAL AND ERROR, § 1487*—*when admission of evidence harmless error.* Error in admitting hearsay evidence is harmless where there is sufficient competent evidence to support the verdict.

6. APPEAL AND ERROR, § 1567*—*when refusal to hold propositions of law harmless error.* Where a correct application of the law to the facts required the finding and judgment for plaintiff, the refusal of the court to hold as law certain propositions submitted to it by defendant is harmless error.

Error to the Municipal Court of Chicago; the Hon. JOSEPH P. RAFFERTY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed April 28, 1916.

JAMES R. WARD, for plaintiff in error.

JEANETTE BATES and ALICE H. THOMPSON, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

Defendant in error, on a trial before the court without a jury, recovered judgment for one hundred dollars in a suit brought against plaintiff in error for personal injuries received under the following circumstances:

Boland, the defendant, was an undertaker and furnished for hire conveyances used at funerals conducted by him. On the funeral occasion in question one Fox, a neighbor of the deceased, ordered from defendant an automobile with directions to charge the same to him. Pursuant thereto an automobile with a driver thereof was furnished to Fox, and the same was used to convey Fox and other persons invited by him, including plaintiff, to and from the house, church and place of interment. On the return from the cemetery the automobile struck the rail of a bridge causing it to upset, whereby plaintiff was injured. These facts were undisputed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The only other material question of fact was whether the accident was due to the carelessness and neglect of the driver. On that question the evidence preponderates in favor of plaintiff. The driver, though shown to be within the jurisdiction of the court, was not called to refute strong evidence tending to show that the accident was due wholly to his inattention, carelessness and neglect. Defendant introduced evidence that after the accident a defect was found in the steering gear that was not discoverable by the exercise of reasonable care in the inspection of the automobile before used. But as there is nothing in the record to indicate that such defect may not have resulted from the accident, and as the driver was not called to prove that he had any difficulty in steering the car, it did not refute plaintiff's proof of negligence.

As to defendant's legal liability on such a state of facts, we think his position was that of a private carrier for hire, no different from that of a liveryman rendering similar carriage service. Whether he or his chauffeur did the driving makes no difference. It being done for hire he was required, as said in *Payne v. Halstead*, 44 Ill. App. 97, respecting a liveryman, "to exercise the same measure of skill and care which is applied to a person engaged in any special pursuit in which he undertakes to perform services for others for compensation. Such a one undertakes to possess the skill adequate to the undertaking, and promises to exercise due diligence and care in its performance; but ordinary skill, diligence and prudence are all that the law exacts from him." We think the evidence discloses not merely a want of ordinary skill, diligence and prudence, but positive neglect and inattention to duty on the part of the driver.

As we view it, the contract for hire was for the benefit of each occupant of the automobile invited by Fox, and imposed the same duty towards each. His right

to invite others was manifestly recognized and consented to. The fact that defendant did not know the names or number of the persons for whom Fox evidently hired the conveyance does not, in our opinion, affect the question of liability. In *Harper v. Fay Livery Co.*, 264 Ill. 463, where the contract of hire was implied from the circumstances of use, a judgment for damages to one of several occupants of a vehicle was upheld.

We think the evidence supports the contract as alleged in the statement of claim, the charge of negligence, and the amount of damages assessed. In view of that conclusion it is unnecessary to consider evidence objected to as hearsay that may well have been disregarded, and whether the court should have held as law certain propositions submitted to it. A correct application of the law to the manifest facts required a finding and judgment for plaintiff.

*Affirmed.*